UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **JOSE ESQUIVEL**, Defendant. | Case No. 12-cr-00664 –YGR-1 **ORDER DENYING MOTION TO REDUCE SENTENCE AND APPOINT COUNSEL** |

On March 20, 2015, defendant Jose Esquivel filed a motion to reduce his sentence and for appointment of counsel. (Dkt. No. 86.) Specifically, Esquivel moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782, effective November 1, 2014, which reduced the offense level for certain drug trafficking offenses, and for the appointment of counsel in assistance of the same.

18 U.S.C. § 3582(c)(2) allows for modification of a term of imprisonment where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses). U.S. Sentencing Commission Guidelines ("USSG") § 1B1.10(a)(1) provides that a defendant's sentence may be reduced where an applicable guideline range has been lowered as a result of an amendment.

On April 27, 2015, the United States Probation Office prepared and filed a Sentence Reduction Investigation Report, a copy of which was sent to defendant. (Dkt. No. 88.) The Court has reviewed the Sentence Reduction Investigation Report and the case file, including the original Presentence Investigation Report, the parties' sentencing memoranda, and defendant's plea agreement. Pursuant to the USSG, the applicable guideline ranges at sentencing were 70 to 87 months on Counts One through Eight. However, pursuant to Title 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), Counts One, Five, Six and Seven carried a mandatory minimum sentence of 60 months. Count Nine carried a mandatory, minimum consecutive term of 60 months. The total range for all counts was 130 to 147 months. Defendant did not receive a guideline sentence. Rather, the Court varied downward and sentenced defendant to 60 months on Counts One through Eight and 60 months consecutive on Count Nine for a total of 120 months.

While the Drug Quantity Table set forth in subsection 2D1.1(c)(5) of the USSG may have reduced defendant's guideline ranges by two levels, the Amendments to the Sentencing Guidelines do not change the mandatory minimums here. Had defendant received a guideline sentence of 130 to 147 months, he may have been entitled to a reduction but in no event could it have been lower than the sentence imposed of 120 months.

Accordingly, the Court finds that defendant is not eligible for a sentencing reduction pursuant to Amendment 782 as his sentence cannot be decreased by virtue of the amendment. *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (holding defendant not entitled to reduction where sentence was based on the applicable statutory mandatory minimum rather than on a sentencing range that was subsequently lowered). Given that Counts One, Five, Six and Seven required a mandatory minimum sentence of 60 months and Count Nine required a minimum consecutive sentence of 60 months, defendant's sentence cannot be amended. Therefore, defendant's motion for a sentencing reduction is **DENIED**.

In light of the foregoing, no need exists for an evidentiary hearing regarding resentencing. Thus, defendant's motion for appointment of counsel is also **DENIED**. *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (holding defendant not entitled to appointed counsel in connection with 18 U.S.C. § 3582(c) motion where no evidentiary hearing was required).

This Order terminates Docket Number 86.

**IT IS SO ORDERED.**

Dated: June 10, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**